Nash, J.
 

 We take no notice of the answer of Hines, as the cause must, in this stage of it, turn entirely upon the equities of the plaintiff and the defendant Hollowell. On a motion to dissolve an injunction, it is a rule, now well established in our Courts, that when, by the answer, the plaintiff's whole equity is denied, and the statement in the answer is credible, and exhibits no attempt to evade the material charges of the bill, it must be allowed.
 
 Moore
 
 v.
 
 Hylton
 
 &
 
 others,
 
 1 Dev. Eq. 429.
 
 Sharpe
 
 v.
 
 King,
 
 3 Ired. Eq. 402. In this case, we think the whole of the plaiutiff’s equity is denied. The plaintiff has placed his case, solely upon the ground, that by his last contract with the defendant Hollowell, he was entitled,
 
 *27
 
 upon paying the $20, the balance due upon the first $60 note, and fine, and the costs imposed on him in Wayne Superior Court, to a conveyance of the land. This allegation is directly, and positively denied by the answer. Hoilowell admits, the proposition was made by the plaintiff, but says that he distinctly refused to accede to it, and the reasons he assigns, we think, are credible. The proposition was, that he should become the surety of the plaintiff to the sheriff', for the fine and costs, and he refused it, because, as he alleged, he had already been his surety, and that he never had, or could get, any money from him, and that when he did pay him, it was in small notes upon others, who were entirely insolvent. If these things were facts, it would well explain, why he should refuse to be any farther bound for him. Nor do we perceive any attempt to evade answering any material charge. The defendant does not stop at denying the material charge of the plaintiff, but proceeds to state what the contract was ; that it was for the
 
 sale
 
 and purchase of the equity, which was then in the plaintiff, the legal title being in him, and that it was so distinctly under stood by the parties, at the time the contract was made.
 

 A motion was made, in the Court below, to dissolve the injunction, which was refused, and an order made that it should be continued to the hearing. From this interlocutory order, the defendants appealed to this Court. We think, there was error in the order, and that the injunction ought to have been dissolved.
 

 This opinion will be certified to the Court below, and the plaintiff’ will pay the costs of this Court.
 

 Per, Curiam.
 

 Ordered accordingly.